98 N.J. Super. 187 (1967)
236 A.2d 605
MOE GREEN, PLAINTIFF-APPELLANT, AND JEAN GREEN, PLAINTIFF,
v.
BUCK BROTHERS CO., AND JOHN R. HAMILTON, DEFENDANTS-RESPONDENTS AND THIRD-PARTY PLAINTIFFS,
v.
ROSEMARY DAWICKI, ET AL., THIRD-PARTY DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued April 10, 1967.
Decided June 22, 1967.
*188 Before Judges CONFORD, FOLEY and LEONARD.
Mr. Julius B. Poppinga for plaintiff-appellant, Moe Green (Messrs. Seaman, Williams & Seaman, attorneys, Mr. Peter W. Tredick, on the brief).
*189 Mr. Daniel K. Van Dorn for defendants-respondents, Buck Brothers Co., and John R. Hamilton (Messrs. Mead, Gleeson, Hansen & Pantages, attorneys, Mr. John A. Gleeson, of counsel).
The opinion of the court was delivered by LEONARD, J.A.D.
A jury verdict of $30,000 was returned in favor of plaintiff Moe Green in his personal injury suit arising out of an automobile collision. Plaintiff, contending the verdict is grossly inadequate and the result of trial error affecting damages, appeals from the judgment entered on this verdict and from the trial court's denial of his motion to set aside the verdict and grant a new trial solely as to damages.
The accident occurred November 6, 1964 when the automobile operated by plaintiff was struck in the rear by a truck owned by defendant Buck Brothers Co. and driven by defendant John R. Hamilton. Defendants' liability has been established and is not presently involved; the only question being the adequacy of the damages awarded to plaintiff.
Plaintiff contends the trial court committed reversible error (1) in excluding evidence as to his future loss of earnings because of allegedly deficient answers to interrogatories and (2) in denying his motion for a new trial on the issue of damages.
Plaintiff was 47 years old at the time of the accident. Since 1962 he and one of his sons were the proprietors and operators of a luncheonette, attending to the business on alternate shifts. Additionally, plaintiff for the past five summers had operated a snack bar concession at a swim club. Plaintiff testified that prior to the accident he worked at the luncheonette, as much as twelve hours a day on occasions, seven days a week, performing all types of laborious and heavy tasks. He further testified that subsequent to the collision he could only take cash; "at best" he could work only two and a half to three hours a day for four or five consecutive days; and he doubted that he was rendering *190 any service to the business. He also stated that he was unable to open the swim club concession in the summer of 1965.
The pertinent interrogatories propounded by defendant and plaintiff's answers follow:
"10. (a) If employed at the time of incident or occurrence, state: (1) The name and address of the employer; (2) Position held and nature of work performed; (3) Average weekly wages for past year; (4) Period of time lost from employment, giving dates; (5) Amount of wages lost, if any.
Plaintiff was not an employee. He operated his own businesses.
(b) Set forth your net earnings, income or profits as reported in your Federal Income Tax Return for each of the five (5) years preceeding [sic] the date of filing this complaint.

 1964  $4,779.77 1962  $1,389.00
 1963  $4,884.81

11. If other loss of income, profit or earnings is claimed: (a) State total amount of said loss; (b) Give a complete detailed computation of said loss; (c) State nature and source of loss of such income, profit and earnings and date of deprivation thereof.
Plaintiff will be unable to return to his business operations; he will be compelled to sell his business; at a loss  the amount of which is undetermined at the time of this answer; agents thus far have been unable to find a buyer.
12. If there has been a return to employment or occupation, state: (a) Name and address of present employer; (b) Position held and nature of work performed; (c) Present weekly wages, earnings, income or profit.
Still incapacitated."
Thereafter plaintiff's counsel by letter advised counsel for the defendants that "Of course, loss of earnings continues with no prospect of Green returning to any wage earning activity."
At the trial plaintiff testified that he had filed income tax returns for the years of 1962, 1963 and 1964 which were made available to defendants. Apparently referring to these returns, plaintiff was then asked, "Which shows that your earnings for ____." At this point counsel for defendants interposed an objection and there followed a lengthy colloquy *191 between the court and counsel at the conclusion of which the court sustained the objection. Thus plaintiff's counsel never completed the question and no answer was made thereto.
The court, relying upon Woschenko v. C. Schmidt & Sons, 2 N.J. 269, 277-279 (1949), sustained defendants' objection upon the primary basis that plaintiff in no event was entitled to adduce proof as to loss of earnings. The cited case holds that the profits of a business do not represent the operator's personal earning capacity where there is involved investment of substantial capital or where the individual is engaged with others. The second basis for the court's ruling was that plaintiff had failed to "separately and fully" answer defendants' interrogatories.
As to the second ground we conclude that the trial court exercised its discretion mistakenly in cutting off the question as to plaintiff's past earnings and in excluding plaintiff's answer thereto. Enough information had been given in answer to the interrogatories, although sparse, and in the foregoing letter from plaintiff's counsel prior to trial, to apprise the defendant that plaintiff claimed he would suffer losses in his future earnings by reason of the fact that he was physically unable to resume his former business activities and that such future losses would approximate what plaintiff had been able to earn when able-bodied. In spite of this, plaintiff was prevented from submitting his proofs on the amount of such losses. The precise amount of such future losses was necessarily indefinite and could hardly have been formulated by plaintiff more definitely than he did by stating past earnings in the answers to interrogatories and by the contents of the letter from counsel.
In view of the substantial physical disability which the jury could find to have been proximately caused by this accident, and the probability of consequent substantial future financial loss to plaintiff in not being able to pursue his occupation  one which depended on physical effort  plaintiff was seriously aggrieved by this ruling. Consonant therewith *192 the court did not charge the jury that plaintiff could recover for future loss of earnings.
As to the exclusion of the proof on the basis of the Woschenko rule, supra, the applicability of that case seems tenuous at best. This was a small business and the tendered proof of lost earnings was as to those of plaintiff personally rather than of the business. In any event, proper evaluation of the applicability of the rule could only be made after plaintiff was given an opportunity to fully develop his proof with respect to his alleged losses. Although some discussion was had between plaintiff's counsel and the court as to a proffer of proof which plaintiff intended to present on this issue, the record does not reveal that an actual proffer of this evidence was made.
We consider next the denial of plaintiff's motion for a new trial as to damages. Although there was defense medical proof that plaintiff's present disability was partly attributable to prior diabetes and related diseases, the overwhelming weight of the medical proof as a whole was that the injury from the accident caused an orthopedic back condition which in turn required surgery with consequences ultimately producing 100 percent disability or close thereto, of a permanent or prospectively long duration.
A physical injury operating on an individual's previously impaired physical organism renders the tortfeasor who caused the injury liable for damages for the whole resulting disability of the individual notwithstanding the fact that the impairment is greater than it would have been had it not been for the previous condition. See Dalton v. Gesser, 72 N.J. Super. 100, pp. 114-115 (App. Div. 1962).
Considering the above, and also having in mind the amount of plaintiff's medical expenses ($9,748), we are of the opinion that the $30,000 verdict was low.
Ordinarily even though we might consider the verdict to be low in relation to the physical injury, pain and suffering, permanency of the injury and medical expenses we would not be inclined to disturb the trial court's order refusing *193 a new trial insofar as those elements of damage are concerned. Coll v. Sherry, 29 N.J. 166, 173 (1959). However, having determined here that the exclusion of plaintiff's testimony as to loss of future earnings precluded the jury from considering that substantial component of plaintiff's alleged damages, the added circumstance of the low award for physical injury, etc. leads us to conclude that a new trial should be held limited to the issue of damages. Angel v. Rand Express Lines, Inc., 66 N.J. Super. 77, 88 (App. Div. 1961); R.R. 1:5-3(b). See Fisch v. Manger, 24 N.J. 66, 80 (1957).
In view of this determination, we do not find it necessary to consider plaintiff's other grounds of appeal.
Reversed and remanded to the trial court for a new trial on the issue of the quantum of plaintiff's damages.
FOLEY, J.A.D. (dissenting).
I am unwilling to say that the trial judge exceeded his discretion in limiting plaintiff's proofs on the issue of future loss of earnings, particularly since the answers to interrogatories on this subject were admittedly unresponsive and inadequate. This appears to be the ground of reversal relied upon by the majority, which indicates that but for the exclusion of the proof in question it would not be inclined to disturb the verdict rendered.
Therefore, I would affirm.