NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT
_____

No. 11-1811
_____


EMANUEL COLON,
                                        Appellant
v.

MOUNTAIN CREEK WATERPARK;
TERRALOGIC PARK INDUSTRIES; LIN-CAP REALTY


_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-06-cv-04298)
District Judge:  Honorable Michael A. Shipp
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 9, 2012

Before:  SLOVITER, VANASKIE, *Circuit Judges*, and
POLLAK,* *District Judge*

(Filed: February 24, 2012)
_____

OPINION
_____

---

* The Honorable Louis H. Pollak, Senior Judge, United States District Court for the Eastern District of Pennsylvania, sitting by designation.

SLOVITER, *Circuit Judge*.

## I.

In July 2006, Appellant Emanuel Colon, who suffers from obesity and osteogenesis imperfecta,[1] fractured his lower leg while trying to board the Colorado River Ride at Mountain Creek Waterpark in Vernon, New Jersey. Colon sued Mountain Creek Waterpark ("Mountain Creek") in federal court on the basis of diversity for negligence. The case was referred to a Magistrate Judge by the consent of the parties pursuant to 28 U.S.C. § 636(c). After a five-day trial, the jury returned a verdict finding that Colon's injuries were eight percent attributable to the negligence of Mountain Creek and ninety-two percent attributable to Colon's own negligence. Thereafter, Colon filed a motion for judgment notwithstanding the verdict or, in the alternative for a new trial. The Magistrate Judge rejected that motion, and Colon filed the instant appeal.

On appeal Colon challenges eight rulings by the Magistrate Judge. The first seven challenges concern evidentiary rulings, while the last relates to the jury charge. We conclude that Appellant's challenges are without merit and will affirm the judgment of the District Court.

## II.

We review the Magistrate Judge's application of the Federal Rules of Evidence for abuse of discretion. *Forrest v. Beloit Corp.*, 424 F.3d 344, 349 (3d Cir. 2005). Where the Magistrate Judge interprets, rather than merely applies, a Federal Rule of Evidence,

---

[1] Osteogenesis imperfecta is a congenital disorder characterized by bone fragility. 2 *International Dictionary of Medicine and Biology* 2037 (1986).

our review is plenary. *Id.* We also exercise plenary review of the Magistrate Judge's interpretations of substantive state law. *Id.* Generally, this court reviews jury instructions for abuse of discretion, but we exercise plenary review when the question is whether the instructions misstate the law. *Armstrong v. Burdette Tomlin Mem'l Hosp.*, 438 F.3d 240, 245-46 (3d Cir. 2006). Where Colon's arguments implicate questions of fact, we draw all reasonable inferences in favor of Mountain Creek, the party with the verdict. *Forrest*, 424 F.3d at 349.

### III.

A. Admission of Colon's Conviction for Soliciting a Prostitute

Appellant was arrested a few months after the accident, on December 12, 2006, for soliciting a prostitute, and he was subsequently convicted. Prior to trial, the Magistrate Judge ruled that evidence of Colon's arrest and conviction were not admissible to establish Colon's character but advised that "the Court will allow the testimony to rebut or impeach direct testimony regarding Plaintiff's confinement to bed." App. at 36. On direct examination at trial, Colon testified that for eight months after his accident his activities were restricted first by a cast and later by a special black boot. On cross he confirmed that during this time his activities were limited to medical appointments, walking out for air, and visiting his family, and that he did not make any social visits. The Magistrate Judge permitted Mountain Creek to ask Colon about his arrest and conviction to contradict this testimony. Colon argues that this decision was an abuse of discretion because the probative value of his conviction was substantially outweighed by the risk of unfair prejudice.

3

Courts of appeal have upheld the introduction of evidence of criminal convictions to impeach testimony by contradiction in a variety of circumstances. *See United States v. Gilmore*, 553 F.3d 266, 272-73 (3d Cir. 2009) (collecting cases). In this case, the evidence of Colon's conviction was relevant to the extent of his injury and specifically relevant to contradict his testimony regarding the limitations of his activities in the months after his accident. Colon's denial that he engaged in anything beyond visiting his family, getting medical attention, and occasionally walking out for air opened the door to evidence of his conviction, with the result that any prejudice from its introduction is not "unfair" as required by Rule 403. *See United States v. Rodriguez*, 961 F.2d 1089, 1096 (3d Cir. 1992) (declining to engage in Rule 403 balancing where party opened the door to the challenged evidence). As such, the Magistrate Judge did not abuse his discretion in admitting the evidence of Colon's arrest and conviction.

B. Evidence on the Lack of Prior Accidents

Colon next argues that the Magistrate Judge erred by permitting Mountain Creek to introduce evidence about the lack of prior accidents at the Colorado River Ride. We have held that the admissibility of evidence of an absence of prior accidents "turns upon the facts and circumstances of each particular case." *Forrest*, 424 F.3d at 357. In this case, the absence of prior accidents was relevant to several defenses put forward by Mountain Creek, including the adequacy of its warning signs and Mountain Creek's lack of prior notice of a dangerous condition on the ride. Moreover, the lack of prior accidents was particularly probative in this case because the ride had been in operation for several years and Mountain Creek was required to maintain accident records under New Jersey

4

law.  While Colon argues that the jury might have been confused by this evidence and erroneously assumed that a lack of prior accidents necessarily meant that Mountain Creek was not negligent, there is no indication in the record that the probative value of this evidence was substantially outweighed by the negative factors listed in Rule 403. Significantly, Colon was permitted to cross examine Mountain Creek's expert, Michael Oostman, on the limited significance of the lack of prior accidents.  Thus, on the facts and circumstances of this case, the Magistrate Judge did not abuse his discretion in concluding that the probative value of the absence of prior accidents was not substantially outweighed by the risk of unfair prejudice or confusion.

C.  Expert Testimony on Acceptance or Assumption of Risk

Colon also contends that the Magistrate Judge erred in permitting Mountain Creek's expert to testify about the inherent risks of the Colorado River Ride. Specifically, Colon contends that, contrary to New Jersey tort law, Mountain Creek was permitted to introduce evidence that Colon assumed the risk when he attempted to board the ride and that the probative value of this evidence was substantially outweighed by the risk of unfair prejudice and confusion under Federal Rule of Evidence 403.  We reject this argument because the high probative value of the evidence with respect to Mountain Creek's comparative negligence defense was not substantially outweighed by any of the countervailing factors listed in Federal Rule of Evidence 403.

New Jersey courts have held that traditional assumption of the risk is not recognized in New Jersey, *Meistrich v. Casino Arena Attractions, Inc.*, 155 A.2d 90, 92 (N.J. 1959), but comparative negligence is recognized as a defense.  *Del Tufo v. Twp. of*

5

*Old Bridge*, 685 A.2d 1267, 1278-79 (N.J. 1996); N.J. Stat. Ann. § 2A:15-5.1 (West 2011). In asserting a comparative negligence defense, it is appropriate to introduce evidence that the plaintiff faced a known risk, because the factfinder must evaluate whether the plaintiff appropriately exercised his or her duty of self-care under the circumstances. *See Del Tufo*, 685 A.2d at 1278-79.

Contrary to Appellant's arguments, Mountain Creek did not plead or argue assumption of the risk in the forbidden sense of a bar to liability. Rather, Mountain Creek argued that the Colorado River Ride carried with it certain risks of which a reasonably prudent person would have been informed by the warning signs outside the ride, and that Colon's decision, notwithstanding his physical infirmities, to attempt to board the ride without lifeguard assistance constituted negligence on his part. We conclude that this defense was permitted under New Jersey law and that the probative value of the evidence supporting it was not substantially outweighed by the risk of unfair prejudice or confusion.

D. Exclusion of Video Evidence

Colon sought to introduce at trial a video, filmed after the date of the accident, depicting passengers boarding the Colorado River Ride. The Magistrate Judge barred this evidence on the ground that it was confusing and unnecessarily cumulative under Federal Rule of Evidence 403. The Magistrate Judge did not abuse his discretion in so ruling.

In offering the video evidence, Colon conceded that the personnel in the video were not the same as those present at the time of the accident and that the conditions at

6

the ride had been altered between the time of the accident and the filming of the video. He also conceded that his own testimony and that of another witness would cover many of the circumstances depicted in the video. We agree with the Magistrate Judge that under these circumstances the very limited probative value of the video was substantially outweighed by the risk of juror confusion and needlessly cumulative evidence.

E. Evidence of Colon's Pre-Existing Medical Conditions

Colon argues that the Magistrate Judge erred by permitting Mountain Creek to introduce evidence of his obesity and osteogenesis imperfecta. Colon does not dispute that he was aware that he suffered from both conditions at the time of the accident, but contends that in admitting this evidence the Magistrate Judge ignored the "eggshell" rule of New Jersey tort law. Contrary to Colon's assertion, however, the "eggshell" rule of New Jersey tort law pertains to damages rather than liability, *see Green v. Buck Brothers Co.*, 236 A.2d 605, 608 (N.J. Super. Ct. App. Div. 1967), *aff'd*, 236 A.2d 885 (N.J. 1967), and there is no indication that Mountain Creek argued that it was not liable for the damages incurred on account of Colon's obesity and osteogenesis imperfecta. Rather, Mountain Creek argued that Colon's decision to take the Colorado River Ride, despite warning signs indicating that the ride was not recommended for persons with obesity and other physically limiting conditions, showed that he was comparatively negligent. Colon does not point to any risk of unfair prejudice or confusion caused by the evidence. We see no abuse of discretion in admitting evidence of Colon's obesity and osteogenesis imperfecta.

F. The June 1, 2006 Inspection Report by the State of New Jersey

7

Colon contends that the Magistrate Judge erred by admitting into evidence the report of a June 1, 2006 inspection of the Colorado River Ride conducted by the New Jersey Department of Community Affairs. Colon argues that the report is not relevant and that, even if it is relevant, its probative value is substantially outweighed by the risk of the jury being misled into the belief that the inspection report "was almost per se evidence of a safe condition" and that, as such, it should have been barred under Federal Rule of Evidence 403. Appellant's Br. at 28. These arguments have no support in the record.

The state inspection report was relevant for a number of reasons, including, most importantly, showing that Mountain Creek displayed appropriate warning signs on the Colorado River Ride. The jury was aware that the report was prepared more than a month before Colon's accident, and the official who prepared the report was subject to examination by Colon's lawyer on the report's preparation, including the fact that the ride was not inspected during actual operation with riders. Under these circumstances, there was little risk that the jury would mistakenly believe that the report constituted per se evidence of safe operation at the time of Colon's injury, and Colon does not point to any place in the record where Mountain Creek so argued. We find no abuse of discretion in the Magistrate Judge's determination that the probative value of the report was not substantially outweighed by the risk of unfair prejudice or confusion under Federal Rule of Evidence 403.

G. Testimony of Defendant's Expert, Michael Oostman

Appellant next argues that the Magistrate Judge erred by permitting the testimony of Mountain Creek's expert, Michael Oostman, which Appellant contends was mere "net opinion" unsupported by facts in the record. Specifically, Appellant argues that Oostmann offered a number of opinions without citing a specific factual or legal reference for his opinion, relying instead on his general knowledge of industry custom and regulations.

This court has held that a trial court does not abuse its discretion in admitting expert testimony so long as "the record contains *some* factual basis" supporting the expert's opinions. *Stecyk v. Bell Hellicopter Textron, Inc.*, 295 F.3d 408, 415 n.3 (3d Cir. 2002). In this case there was sufficient evidence in the record to support Oostman's opinions. As a general matter, testimony based on industry practices is admissible under Federal Rule of Evidence 702 and indeed is "common fare in civil litigation." *Levin v. Dalva Bros.*, 459 F.3d 68, 79 (1st Cir. 2006). Moreover, Oostman's conclusions were supported by facts in the record, including the testimony of other witnesses and the June 1, 2006 report prepared by the New Jersey Department of Community Affairs. As such, we cannot conclude that the Magistrate Judge abused his discretion by permitting the testimony of Mountain Creek's expert.

H.  Decision Not to Charge N.J. Admin. Code § 5:14A-9.13

Finally, Colon argues that the Magistrate Judge erred in declining to charge the jury on the following provision of the New Jersey Administrative Code:

> An additional operator and a signal system shall be provided where the operator of the ride does not have a clear view of the point at which riders are

9

loaded or unloaded. The additional operator shall be stationed so as to be able to observe all areas not visible to the operator of the ride.

N.J. Admin. Code. § 5:14A-9.13(b) (2012). Colon argues that this provision required Mountain Creek to station at least two attendants at the loading area of the ride, rather than the one employed at the time of Colon's accident, because, in order to push rafts down into the ride, one attendant has to stand briefly with his or her back to the boarding area and thus lacks "a clear view of the point at which riders are loaded or unloaded." *Id.* The Magistrate Judge denied Colon's request to have the provision included in the jury charge on the ground that it was not proper and would confuse the jury.[2] We find no error in this ruling.

Read in context, New Jersey Administrative Code § 5:14A-9.13(b) is intended to regulate the operation of long rides where a single operator cannot see the entire course of the ride, not to address the situation here, where an operator who can see the relevant area may occasionally need to look away. *See* N.J. Admin. Code § 5:14A-9.13(a) (regulating hazardous conditions created by distance or lack of visibility). This interpretation of the statute is supported by the testimony of Mountain Creek's expert and further supported by the fact that the state inspection report form for the Colorado River Ride does not have a box for a voice communication or signal system as described in the statute. As such, we agree with the Magistrate Judge that New Jersey Administrative Code § 5:14A-9.13 was not relevant to Colon's claim and should not have been charged to the jury.

---

[2] Because this question is one of interpretation of a New Jersey statute, we exercise plenary review. *Forrest*, 424 F.3d at 349.

10

**IV.**

For the foregoing reasons we will affirm the judgment of the District Court.